# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERICA MOODY,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>METRO CORPORATION d/b/a PHILADELPHIA MAGAZINE,<br>　　　　　　　　　　　　Defendant. | No. 2:24-CV-00856 |

## Joint Report of Rule 26(f) Meeting

In accordance with Federal Rule Civil Procedure 26(f), counsel for the parties conferred on March 27, 2024, and submit the following report of their meeting for the court's consideration:

**1.      Discussion of Claims, Defenses, and Relevant Issues**

　　**a.      Plaintiff's brief factual summation of the case and claims:**

Plaintiff brings claims of pregnancy and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act, and the Pennsylvania Human Relations Act. Defendant hired Plaintiff as Deputy Editor, Lifestyle on or about September 1, 2021. Brian Howard, Acting Editor, became Plaintiff's direct supervisor in or around January 2022. Plaintiff began maternity leave on or about March 3, 2022 and returned to work on or about May 23, 2022.

Plaintiff performed her duties well upon return but Mr. Howard refused to discuss future projects with Plaintiff. In addition, in or around September 2022, Mr. Howard refused to provide Plaintiff with an annual evaluation she requested and also denied Plaintiff's request to use one to two days of vacation time. Demonstrating his discriminatory animus, around the same time of Plaintiff's request, Mr. Howard granted the one week vacation request of Kristen Schott,

{M0926537.1}

Wedding Editor. Ms. Schott was not pregnant, had not recently given birth or taken maternity leave, and was not a mother at the time.

Defendant abruptly terminated Plaintiff's employment on or about November 18, 2022. Defendant claimed it terminated Plaintiff due to budget constraints. Upon information and belief, Plaintiff was the only person terminated due to the budget constraints and Defendant had Ms. Schott assume Plaintiff's duties. It is Plaintiff's position, given the disparate treatment against her, a woman who requested and received maternity leave, a request that is protected by Title VII, that Defendant's actions constitute discrimination based on her pregnancy, her sex (specifically as it relates to treating her differently compared to others of her sex who were not mothers or had not requested maternity leave at the time) and retaliation based ono engagement in protected activity in violation of Title VII and the PHRA.

      **b.**      **Defendant's brief factual summation of the case and claims:**

Defendant is a publishing company which does business as both Philadelphia and Boston Magazine. Defendant hired Plaintiff to work for Philadelphia Magazine on September 1, 2021, as the Deputy Editor, Lifestyle. On March 3, 2022, Plaintiff started leave under the FMLA and she gave birth on March 8, 2022. Despite working for Defendant for less than one year, Plaintiff was provided paid leave and full, protected leave under the FMLA following the birth of her child. Upon the conclusion of her leave in June of 2022, Plaintiff was returned to her position with Defendant.

In or around October of 2022, Defendant was forced was make difficult budget decisions to reduce spending for 2023. Among the changes proposed to address the budget constraints included reducing the number of feature stories to run in each magazine from four feature stories to three feature stories. In addition, another cost-cutting measure proposed was to reduce the

number of issues of Defendant's Philadelphia Wedding ancillary magazine from two to one. These cuts would reduce the amount of wedding content to be produced and it would reduce the amount of lifestyle content Defendant would be producing in the print magazine. These planned reductions of certain content led Defendant to the conclusion that the duties of the wedding editor and the lifestyle editor could be consolidated into one position. After making the decision to consolidate these positions, Defendant looked at the skillset of Plaintiff and the wedding editor Kristen Schott. Defendant also considered the seniority of these two employees and made the decision that that the combined position of wedding and lifestyle editor would be best filled by Kristen Schott the wedding editor. Consequently, Plaintiff's position as lifestyle editor was eliminated.

The decision to reduce certain content and consolidate the positions of lifestyle editor and wedding editor to one position was only one aspect of the budget cuts and reductions taken by Defendant. There were other staff reductions and line-item budget reductions. In addition, Defendant underwent a company-wide furlough program in which all staff were required to take two weeks of unpaid leave in the first half of the year. These budget cuts, reductions, position eliminations and furloughs were critical to keeping Defendant financially viable. Finally, it was more than six months after Plaintiff's return from leave that her position was eliminated. The elimination of Plaintiff's position had nothing to do with her pregnancy.

 2. **Initial and Informal Disclosures**

The parties agree have exchanged their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) prior to the April 17, 2024, Rule 16 conference.

 3. **Formal Discovery**

   a. Fed. R. Civ. P. 26(a) Disclosures: <u>On or before April 17, 2024</u>.

b. Factual discovery to be completed by: <u>August 15, 2024.</u>

c. Dispositive motions to be filed by: <u>30 days after the close of discovery.</u>

d. Trial ready by: <u>To be determined by the Court upon a ruling on any dispositive motion.</u>

**4.    Electronic Discovery**

The parties do not anticipate any issues with electronic discovery.

**5.    Expert Witnesses**

The parties do not anticipate the use of expert witnesses in this matter.

**6.    Is a settlement conference likely to be helpful, if so, when?**

a. Early: the Parties will consider a settlement after completing written discovery.

b. After Discovery? After written discovery is complete.

**7.    Trial Date**

Trial date to be assigned after a ruling on any dispositive motions. The parties anticipate that the length of trial will be approximately 3-4 days.

**8.    Other**

Not applicable.

| | |
|---|---|
| **KOLLER LAW LLC** | **MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.** |
| | |
| ***/s/ David M. Koller*** | ***/s/ Patricia A. Fecile-Moreland*** |
| David M. Koller, Esquire | Patricia A. Fecile-Moreland |
| I.D. No. 90119 | I.D. No. 83798 |
| 2043 Locust Street, Suite 1B | One Penn Center |
| Philadelphia, PA 19103 | 1617 John F. Kennedy Blvd., Suite 1010 |
| 215-545-8917 | Philadelphia, PA 19102 |
| davidk@kollerlawfirm.com | pmoreland@moodklaw.com |
| Counsel for Plaintiff | 215-564-6688 |
| | Counsel for Defendant |